CONCURRENCE
JANE B. STRANCH, Circuit Judge,
concurring. I join this opinion because here the Tennessee Supreme Court directly and in detail addressed the elements of the robbery statute at issue. This placed contradictory language from state intermediate court decisions in direct conflict with a decision of the highest court in the jurisdiction. We would have a different ease had language from a state supreme court decision been more ambiguous in defining the conduct covered by a statute. It is a familiar exercise for federal courts to look to state law to determine offense conduct. No one disputes that if a state supreme court decision clearly conflicts with intermediate court-decisions—as in this case— then the state supreme court decision controls. Outside such head-on conflict, I do not see this case as restricting courts-from looking at state intermediate court decisions where they include helpful explanations such as discussions of how to characterize offense conduct. Lwrite only to note that our decision should not -be read as foreclosing continuation of that practical and helpful existing practice.